**IN THE UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

**ARTCP, LLC D/B/A ECONOLODGE INN & SUITES
AND MOTEL 7**

**PLAINTIFF**

vs.                                                **CIVIL ACTION NO. 4:19-cv-3246**
                                                                 **JUDGE**_____

**ARCH SPECIALTY INSURANCE COMPANY**

**DEFENDANT**

**PLAINTIFF'S ORIGINAL COMPLAINT
JURY TRIAL DEMANDED**

**COMES NOW, ARTCP, LLC D/B/A ECONOLODGE INN & SUITES AND MOTEL 7** (hereinafter, referred to as Plaintiff), and file this, their **Original Complaint**, and for causes of action against ARCH SPECIALTY INSURANCE COMPANY ("ARCH SPECIALTY") (hereinafter, referred to as "Defendant"), would show unto the Court and the jury the following:

**PARTIES AND SERVICE OF PROCESS**

1. Plaintiff **ARTCP, LLC D/B/A ECONOLODGE INN & SUITES AND MOTEL 7** owns the properties located at 828 Mercury Drive, Houston, Texas 77013 and 10155 East Freeway, Houston, Texas 77029 that are the subject of this lawsuit and are situated in Harris County, Texas.

2. Defendant, ARCH SPECIALTY is a foreign insurance company registered to engage in the business of insurance in the State of Texas. This Defendant may be served with personal service by a process server, by serving its General Counsel,

1

Arch Specialty Insurance Company, Harborside 3, 240 Hudson Street, Suite 300, Jersey City, NJ 07311.

## STATUTORY AUTHORITY

3. This suit also brought in part, under the Texas Insurance Code, Sections 541.051 *et seq.,* 541.151 *et seq.*, 542.051 *et se.,* and Tex. Civ. & Rem. Code Section 38.01 *et seq.*

## JURISDICTION

4. This Honorable Court maintains subject matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1332, based on complete diversity of citizenship between the parties. The amount in controversy exceeds the minimum jurisdictional limits.

## VENUE

5. This Honorable Court maintains venue under 28 U.S.C. § 1391(b)(2), being the judicial district of the location of the property that is the subject of this action.

## NOTICE AND CONDITIONS PRECEDENT

6. Defendant has been provided written notice of the claims made by Plaintiffs in this complaint, including a statement of Plaintiffs' actual damages and expenses in the manner and form required by Tex. Ins. Code § 542A.003.[1]

7. All conditions precedent necessary to maintain this action and in order to maintain claim under the insurance policy in question have been performed, occurred, or have been waived by Defendant.

---

[1] Tex. Ins. Code 542A.003 requires pre-suit notice not later than the 61st day before an action is filed, unless notice is impracticable because there is insufficient time to give pre-suit notice before the limitations period will expire. Plaintiff has provided pre-suit notice within the parameters pursuant to 542A.003(d).

**FACTS**

8. This lawsuit arises out of the following transactions, acts, omissions, and/or events. Hurricane Harvey struck South Texas on August 25, 2017 and caused catastrophic damage for multiple days throughout the region for several days. On or about August 25, 2017, Plaintiffs' property sustained damages as a result of Hurricane Harvey winds of up to 76 mph over multiple consecutive days.

9. Plaintiff submitted a claim to Defendant, ARCH SPECIALTY, pursuant to the contract of insurance, for damages to the property as a result of Hurricane Harvey and asked Defendant ARCH SPECIALTY to honor its contractual obligations and cover the cost of repairs to the property.

10. Defendant, ARCH SPECIALTY, accepted the Plaintiffs' claim and assigned a claim number of 00001311270.

11. Defendant, ARCH SPECIALTY assigned adjuster Kevin Husser to investigate and evaluate the claim. Kevin Husser then emailed Larry Couvillon of Engle Martin & Associates and advised him that he wanted Larry, specifically, to act as the adjuster on the claim, complete the investigation and adjust the claim.

12. On September 13, 2017, Larry Couvillon of Engle Martin sent ARCH SPECIALTY and Kevin Husser a letter acknowledging and thanking him for the assignment "to represent your interests in the adjustment" of the loss. Then prior to his inspection of the properties, Larry C. Couvillon of Engle Martin & Associates sent a letter dated September 13, 2017 to Plaintiff stating based on the preliminary investigation and facts of loss, the claim could be denied for flood damage and interior water not resulting from wind.

13. Concerned that ARCH SPECIALTY was suggesting that Plaintiffs' claim would be denied prior to their physical inspection and investigation, Plaintiff then hired Stevephen Lott of Integrity Claims, LLC to inspect the properties for damages from Hurricane Harvey, properly investigate and evaluate the claim and communicate with ARCH SPECIALTY and its representatives regarding the claim.

14. Larry Couvillon performed an inspection of the subject insured properties, attended by Mr. Lott, on September 21, 2017. Mr. Couvillon's inspection and investigation was results oriented and unreasonable. He stated in his report to ARCH SPECIALTY and Kevin Husser that there was no obvious wind damage to the EIFS, no wind damage to the roofs, evidence of prior repairs to the wall that was cracking, but also found that it was "possible the rainwater that entered through the access doorway flowed from the concrete-floor stairwell into the adjusting hallway that accesses guestrooms". However, Mr. Couvillon did not complete an estimate for repair of any of the damages. He ignored information he discovered that supported coverage and information provided by Plaintiff's public adjuster that wind blew open the door on the 6th floor allowing water to enter, even though the lock was broken at the time of the inspection and a bucket was needed to hold the door open to allow them access to the roof.

15. In furtherance of their results oriented investigation, Larry Couvillon and Kevin Husser then engaged Michael D. Barrentine with Rimkus Consulting Group, Inc. to assist in the investigation of the claim. On October 28, 2017, Mr. Barrentine, Mr. Lott Larry Couvillon inspected the property. During the inspection, Mr. Barrentine advised Mr. Lott that the damage in the stairwell could not have been caused by earth movement

or settlement because the cracks start at the top and do not extend to the bottom of the wall.

16. In a January 25, 2018 letter, Mr. Couvillon then denied all of Plaintiff's damages stating that he and Mr. Barrentine had investigated and based on Mr. Barrentine's reports on each of the two properties determined that none of the buildings had been damaged by wind and no wind created openings had allowed water to cause damages to the interior. The letter further stated that Mr. Barrentine found that there was foundation movement around the stairwell, which was a misrepresentation and contradicted his statements made during the inspection.

17. Mr. Barrentine's report on the Econolodge property stated further that "moisture intrusion through the open roof access doorway during Hurricane Harvey was due to deferred maintenance and failure/inability to close the roof access door". Mr. Couvillon and Mr. Barrentine completely ignored facts supporting coverage.

18. Based on the improper, inadequate, and incomplete investigation of Larry Couvillon, Michael Barrentine and ARCH SPECIALTY, Plaintiff's damages were improperly denied and grossly underpaid. Covered damages were completely ignored and the true value of the covered loss was misrepresented. These acts and omissions resulted in a biased, unfair, and inequitable evaluation of your insured's losses on the property.

19. Even though the properties had sustained extensive damages from the storm, Couvillon and Barrentine ignored wind created damages to the properties. Couvillon and Barrentine completed a results oriented, unreasonable inspection, failed to

document all the covered wind damages to the properties ignored facts supporting coverage and improperly denied Plaintiffs' damages.

20. Plaintiff did not agree with Mr. Couvillon's or Mr. Barrentine's assessments of the damages to its properties.

21. Stevephen Lott determined that Plaintiffs' property damages were grossly undervalued by Mr. Couvillon and ARCH SPECIALTY. After inspecting the property, Mr. Lott determined that there was wind damage to the property.

22. Plaintiff then retained Richard Clarke of Risk Protection Services to inspect the insured properties. Based on this inspection, observation of repairs to the properties and review of the claim documents provided he determined that the properties sustained damages from wind during the event that exceeded the estimated value provided by Mr. Couvillon. Mr. Clarke completed estimates with damages totaling $789,770.33 for Motel 7 and $170,100.97 for Econolodge Inn & Suites.

23. Defendant, ARCH SPECIALTY relied upon Mr. Couvillon's and Mr. Barrentine's inaccurate and unreasonable reports to deny the Plaintiffs' damages. Furthermore, Defendant, ARCH SPECIALTY failed to accept or deny coverage for the remaining damages in writing within the statutory deadline.

24. To date Plaintiff has yet to receive full payment on its Hurricane Harvey claim.

25. Defendant, ARCH SPECIALTY ignored the information provided by the Plaintiff, its public adjuster, and Richard Clarke. Instead, Defendant, ARCH SPECIALTY chose simply to only rely on the portions of its adjuster's, consultant's, and

6

vendors' reports which supported the results-oriented investigation and coverage decisions supporting denial of Plaintiffs' claim.

26. Defendant, ARCH SPECIALTY failed to perform its contractual obligation to compensate Plaintiffs under the terms of the Policy.

## **CAUSES OF ACTION AGAINST DEFENDANT, ARCH SPECIALTY - COUNT I - BREACH OF CONTRACT**

27. Each of the foregoing paragraphs is incorporated by reference in the following.

28. Plaintiff and Defendant ARCH SPECIALTY executed a valid and enforceable written insurance contract providing insurance coverage to the insured locations at 828 Mercury Drive, Houston, Texas 77013 and 10155 East Freeway, Houston, Texas 77029. The policy provides coverage for the peril of wind, hurricane and rain, such as those sustained during Hurricane Harvey, among other perils.

29. All damages and loss to the Plaintiffs' properties were caused by the direct result of a peril for which Defendant ARCH SPECIALTY insured the Plaintiff, pursuant to the policy herein, specifically, the perils of hurricane, wind, and rain.

30. Defendant, ARCH SPECIALTY sold the subject insurance policy to Plaintiff insuring the subject insured properties in their "as is" condition.

31. Plaintiff suffered a significant loss with respect to the properties at issue and additional expenses as a result of the high winds and rain that occurred during Hurricane Harvey.

32. Plaintiff submitted a claim to Defendant, ARCH SPECIALTY pursuant to the contract of insurance for damages as a result of high winds and rain that occurred during Hurricane Harvey.

33. Plaintiff provided Defendant, ARCH SPECIALTY, with proper notice of damage to the exterior and interior of the subject insured properties.

34. Defendant, ARCH SPECIALTY ignored the information provided by the public adjuster and other information provided by Plaintiff that supported coverage of Plaintiffs' damage and chose to rely solely on its own consultants.

35. ARCH SPECIALTY by and through its adjusters and representatives have failed to properly evaluate the damages resulting from the covered cause of loss.

36. ARCH SPECIALTY by and through its adjusters and representatives failed to retain the appropriate experts and/or consultants to evaluate the hurricane winds and water damages to the subject property.

37. As of this date, ARCH SPECIALTY by and through its adjusters and representatives have failed to pay for the hurricane winds and water damages to Plaintiffs' properties.

38. Plaintiff has attempted on numerous occasions to obtain full and complete payment for covered losses pursuant to the insurance policy.

39. Defendant, ARCH SPECIALTY, acting through its agents, servants, representatives and employees has failed to properly investigate, evaluate and adjust Plaintiff's claim for benefits in good faith and has further failed to deal fairly with Plaintiff.

40. Defendant, ARCH SPECIALTY has failed and refused to evaluate the information and surrounding facts regarding Plaintiff's covered claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees or consultants.

41. As of this date Defendant, ARCH SPECIALTY continues to be in breach of the contract.

42. ARCH SPECIALTY ignored the information provided by Plaintiff and its public adjuster during the handling of the claim and did not make any payment to indemnify Plaintiff for the full amount of the covered damages.

43. ARCH SPECIALTY failed to make any payment after receipt of the additional information from Plaintiff and its public adjuster.

44. The mishandling of Plaintiff's claim caused a delay in Plaintiff's ability to fully repair the Property, resulting in additional damages.

## COUNT II - VIOLATIONS OF THE TEXAS UNFAIR OR DECEPTIVE PRACTICES ACT

45. Each of the foregoing paragraphs is incorporated by reference in the following.

46. Defendant ARCH SPECIALTY is an entity that is required to comply with Tex. Ins. Code Sections 541.051; 541.060; 541.061; and 541.151. Defendant's conduct constitutes multiple violations of the Texas Unfair or Deceptive Practices Act.

1. Misrepresenting a material fact or policy provision relating to coverage at issue;

    a. Making an untrue statement of material fact. ARCH SPECIALTY through its agents, employees, or consultants did not complete an estimate of damages after its inspection of the property but rather stated there was no obvious wind damage, which was misleading as to the value of damages to the subject property.

9

    b. Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made. ARCH SPECIALTY through its agents, employees, or consultants failed to advise Plaintiff that it failed to perform proper testing of the building and properties in order to more accurately investigate and evaluate the damages resulting from the covered perils of hurricane, wind and rain.

    c. Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact. ARCH SPECIALTY through its agents, employees, or consultants advised Plaintiff and its public adjuster that it had investigated and evaluated the damages to the subject properties resulting from the August 25, 2017 hurricane and concluded its coverage determination, thereby misleading the Plaintiff to conclude that a proper and complete investigation had been performed.

2. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear. ARCH SPECIALTY failed to consider reports provided by Plaintiff and failed to utilize information in the reports that would support coverage of Plaintiff's damages.

3. Failing to promptly provide a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of

        a claim. To date, Defendant has failed to provide a reasonable explanation of the basis of its denial of coverage for all of Plaintiff's damages.

4. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim. ARCH SPECIALTY through its agents, employees, or consultants failed to request its employees, agents, or consultants to perform proper testing of the building at the subject insured properties in order to properly evaluate the extent and value of damages resulting from the Hurricane Harvey event of August 25, 2017.

47. Defendant's unfair settlement practice in failing to conduct a proper and thorough evaluation, failing to perform adequate testing of the building to more accurately investigate and evaluate the damages, failing to advise Plaintiff that it had not performed proper testing of the building and had not properly investigated and evaluated the damages, and preparing both a misleading and inaccurate damage estimate resulted in Defendant's failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code Sections 541.051, 541.060 and 541.061.

**COUNT III – VIOLATIONS OF THE PROMPT PAYMENT OF CLAIMS ACT**

48. Each of the foregoing paragraphs is incorporated by reference here fully.

49. Defendant's conduct constitutes multiple violations of the Texas Prompt Payment of Claims Act - Tex. Ins. Code Chapter 542. All violations made under this article are made actionable by Tex. Ins. Code Section 542.060.

50. Specifically, Defendant failed to accept or reject Plaintiff's claim within the time period or notify the Plaintiff why it needed more time, as required by Tex. Ins. Code 542.056.

51. Defendant failed to timely conduct a proper investigation of the damages to the subject property resulting from a covered peril, resulting in a delay of payment of adequate insurance benefits as contracted under the insurance policy between the parties.

52. Defendant's failure to give adequate consideration to the information provided by Plaintiff's public adjuster and Richard Clarke, which made liability reasonably clear, resulted in additional delay of payment of the claim after having sufficient information to make payment for such claim.

53. ARCH SPECIALTY ignored the information provided by Plaintiff and Plaintiff's public adjuster during the handling of the claim and did not make a payment.

54. ARCH SPECIALTY, upon receipt of the Risk Protection Services estimate from Richard Clarke and Plaintiff, had sufficient information to make full payment to Plaintiff for the damages, but as of this date has failed to do so.

## COUNT IV - BREACH OF COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

55. Each of the foregoing paragraphs is incorporated by reference here fully.

56. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to its insured pursuant to the insurance contract and in direct contradiction of the applicable industry standards of good faith and fair dealing.

57. Defendant failed to conduct a proper and thorough evaluation, failing to perform adequate testing of the building to more accurately investigate and evaluate the damages, failing to advise Plaintiff that it had not performed proper testing of the building and had not properly investigated and evaluated the damages, and preparing both a misleading and inaccurate damage estimate.

58. Defendant's failure, as described above, to adequately and reasonably investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

59. ARCH SPECIALTY ignored the information provided by Plaintiff's public adjuster during the handling of the claim and did not make any payment.

60. ARCH SPECIALTY failed to make any payment after receipt of the additional information from the public adjuster and Richard Clarke, when ARCH SPECIALTY knew or should have known liability was reasonably clear.

## COUNT V – VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

61. Each of the foregoing paragraphs is incorporated by reference here fully.

62. At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from Defendant, ARCH SPECIALTY and the products and services form the basis of this action.

63. Defendant ARCH SPECIALTY has violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

   a. By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action prohibited by DTPA §

17.50(a)(1)(3) in that Defendant ARCH SPECIALTY took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, resulting in a gross disparity between the consideration paid in the transaction and the value received, all in violation of Chapters 541 and 542 of the Texas Insurance Code;

b. Generally engaging in unconscionable courses of action while handling the claim; and/or

c. Violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

## KNOWLEDGE AND INTENT

64. Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

## DAMAGES AND PRAYER

65. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff herein, complains of Defendant ARCH SPECIALTY'S acts and omissions and pray that, Defendant be cited to appear and answer and that upon a final trial on the merits, Plaintiff recover from Defendant the following:

66. Plaintiff would show that the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

67. For breach of contract by Defendant, ARCH SPECIALTY, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of the claims, together with attorney's fees, pursuant to Tex. Civ. & Rem. Code Sec. 38.001 *et seq*.

68. For noncompliance with the Texas Unfair or Deceptive Practices Act by Defendant, ARCH SPECIALTY, Plaintiff is entitled to actual damages, which includes

the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks **for three (3) times** its actual damages, pursuant to Tex. Ins. Code Ann. Section 541.152 *et seq*.

69. For noncompliance with the Texas Prompt Payment of Claims Act by Defendant, ARCH SPECIALTY, Plaintiff is entitled to the amount of its claim, as well as ten (10) percent interest per annum post judgment interest, together with reasonable and necessary attorney's fees, as allowed by law, and for any other further relief, either at law or in equity, to which it may show itself to be justly entitled, pursuant to Tex. Ins. Code Sec. 542.058 *et seq*. and 542.060 *et seq*.

70. For violations of the common law duty of good faith and fair dealing by Defendant, ARCH SPECIALTY, Plaintiff is entitled to actual damages, direct and indirect consequential damages, mental anguish, and exemplary damages.

71. For noncompliance with the Texas Deceptive Trade Practices Act ("DTPA") by Defendant, ARCH SPECIALTY, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages and mental anguish damages, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for **three (3) times** their damages, pursuant to the DTPA and Tex. Ins. Code Ann. Section 541.152 *et seq*.

## **JURY DEMAND**

72. Plaintiff respectfully demands a **trial by jury**.

Respectfully submitted,

**PANDIT LAW FIRM, L.L.C.**


BY: /s/ *Phillip N. Sanov*
**PHILLIP N. SANOV, Bar No. 17635950**
**CARLA R. DELPIT, Bar No. 2248226**
**One Galleria Tower**
**2700 Post Oak Blvd., 21st Floor**
**Houston, Texas 77056**
**Telephone:     (832) 583-5663**
**Facsimile:       (504) 313-3820**
**Email: psanov@panditlaw.com**
          **cdelpit@panditlaw.com**

**ATTORNEYS FOR PLAINTIFF**
**ARTCP, LLC D/B/A**
**ECONOLODGE INN & SUITES**
**AND MOTEL 7**